Jones and another, Appellants, vs. Wixom, Respondent.

*November 4—December 2, 1919.*

*Crops: Necessity of consideration for contract to raise and deliver: Alteration of instruments: Authority or consent of person to be charged.*

1. An agreement to raise a four-acre crop of tobacco and deliver it to a designated person at a stated price per pound, not supported by any consideration moving to the signers either by way of money or other thing of value, or of promises, is a mere naked offer and not enforceable.

2. The fact that the contract bore the indorsement of a certain sum of money for seed furnished by plaintiffs is insufficient to show a consideration, where such indorsement was made after the contract was signed and without the knowledge or consent of the person to be bound by the contract.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action begun in the municipal court of Rock county to recover damages for a breach of the following agreement:

"Janesville, Wis., April 6, 1917.

"This is to certify that I agree to raise 4 acres of broadleaf tobacco during 1917, amounting to about 8,000 pounds, for C. J. Jones & Son and deliver it at eight (8) cents per pound. Trash two (2) cents per pound. . . .

"J. C. WIXOM.
"H. W. HOLDEN."

Holden was a tenant of Mrs. Wixom and delivered his share of the crop. After the agreement was signed by defendant *Wixom* plaintiffs made the following indorsements thereon: "Received $2 in advance." "Gave *J. C. Wixom* $2.50 to apply on contract."

The above items covered the price of tobacco seed furnished by plaintiffs to Holden and defendant. The municipal court entered judgment for plaintiffs and the defendant appealed to the circuit court. After the evidence was in the court directed a verdict for the defendant and entered judgment accordingly on the ground that the contract lacked

consideration and mutuality and was therefore not binding upon either party. The plaintiffs appealed.·

The cause was submitted for the appellants on the briefs of *Nolan & Dougherty,* and for the respondent on that of *Jeffris, Mouat, Oestreich, Avery & Wood,* all of Janesville.

VINJE, J. The evidence established the fact that defendant offered to pay plaintiffs for the tobacco seed at the time they agreed to furnish it, which was some time after the agreement was signed, but that they ·refused to receive any money because they did not know just how much seed they could furnish him. They would find out and leave it at a grocery store where he could get it, and where he did get it. He never knew they charged the amount to him on the contract or that they did so as to Mr. Holden. It therefore appears that no consideration moved from plaintiffs to defendant either by way of money or other things of value or of promises at the time the agreement was signed. It is elementary that there must be a consideration, either by way of money or other things of value or by way of promises, to constitute a valid contract. *Hopkins v. Racine M. & W. I. Co.* 137 Wis. 583, 119 N. W. 301, and cases cited therein; 6 Ruling Case Law, 686. Here there was neither. The offer of defendant was a mere naked one, not supported by an acceptance on the part of plaintiffs, for they do not agree to receive and pay for the tobacco, nor by any valuable consideration for an option to receive it at the price mentioned. The indorsement of $2.50 for tobacco seed was made some time after the contract was signed and without the knowledge or consent of defendant, and therefore it cannot affect· the validity of the contract.

Appellants rely upon the case of *Eastern R. Co. v. Tuteur,* 127 Wis. 382, 105 N. W. 1067, to sustain the validity of the agreement. But in that case, while the railroad company did not agree specifically to give all its freight to Promberger to handle, it did specifically agree to

pay him for all he handled, and the court properly held that it impliedly agreed to give him all its freight. Here plaintiffs promise nothing for the option to receive defendant's crop of tobacco at a certain price per pound. The agreement is a mere naked offer, not founded upon any consideration or reciprocal promises, and is therefore not enforceable.

*By the Court.*—Judgment affirmed.